Eugene F. Pigott, Jr., Esq. County Attorney, Erie
I am writing in response to your request for an opinion concerning the legality of holding a raffle as a promotional effort to secure more season ticket holders for the upcoming Buffalo Bills football season.
As stated in your letter, the Buffalo Bills lease the exclusive use of Rich Stadium from Erie County. The Buffalo Area Chamber of Commerce, in an effort to attract more season ticket holders, would like to run a raffle in which those persons holding season tickets would be eligible to win a grand prize of a brand new car. The Chamber would be responsible for acquiring the merchandise awarded in the raffle, promoting the raffle and awarding the prizes.
Article I, section 9 of the Constitution bans all forms of gambling not expressly authorized in the Constitution itself. As originally enacted, the Constitution of 1894 banned any and all forms of gambling. Over the years, exceptions have been made to allow for pari-mutuel betting on horse racing (1939); to allow for bingo or similar games of chance to raise funds for eleemosynary groups (1957); to allow for the establishment of the State lottery (1965); and to expand the special exception granted to eleemosynary groups (1975). Each of these exceptions was implemented by constitutional amendment. Recent opinions of this office have concluded that any expansion of legalized gambling in New York must be done by constitutional amendment (Op Atty Gen No. 85-12 [privately-owned video gambling machines]; Op Atty Gen No. 84-F1 [proposed sports betting lottery]; 1981 Op Atty Gen 68 [proposed computer gambling lottery]).
Gambling and the concomitant gambling offenses are defined in article 225 of the Penal Law. "Gambling" is defined in the following ways:
 "A person engages in gambling when he stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome" (Penal Law, § 225.00[2]).
The statute sets forth a three-pronged test to determine whether certain activity constitutes gambling: there must be: (1) a stake or a risk of something of value; (2) a contest of chance or a future contingent event not under the player's control or influence; and (3) receipt of something of value in the event of a certain outcome.
In the immediate case, only purchasers of seasons tickets are eligible to participate in the raffle. The purchase of the ticket would satisfy the requirement of a stake under section 225.
Furthermore, the raffle as described in your letter is like all raffles in that it involves a contest of chance and the award of something of value. All three aspects of the gambling test being present, the proposed raffle falls within the definition of gambling under the Penal Law. Further, the raffle does not fall within any of the exceptions to the constitutional ban on gambling (NY Const, Art I, § 8; see Op Atty Gen No. 85-12).
Accordingly, we conclude that a raffle whose participants must purchase a season's ticket to football games in order to participate constitutes gambling as defined under the Penal Law.